IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CYNTHIA A. CARL,

          Plaintiff,

v.                              CIVIL ACTION NO.  2:10-cv-01377

LINCOLN NATIONAL LIFE
INSURANCE COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Lincoln National Life Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Docket 3]  The plaintiff has responded and the matter is ripe for review.

**I.    Factual and Procedural Background**

This case arises out of a coverage dispute between the plaintiff, Cynthia A. Carl, and defendants Lincoln National Life Insurance Company ("Lincoln National") and Lincoln Financial Group ("Lincoln Financial") (collectively, "the Lincoln defendants").  The plaintiff alleges that she was employed by Ear, Nose and Throat Associates in Charleston, West Virginia, and she purchased a long term disability policy from the Lincoln defendants as a benefit of her employment.  (Compl., attached as Ex. 1 to Not. Removal [Docket 1-1], at ¶ 5.)  She alleges that on or about November 25, 2010[1], she discontinued her employment due to her numerous health conditions, and that she was

---

[1]The Complaint alleges that plaintiff's employment ended on November 25, 2010, but all of
(continued...)

encouraged by her employer to file a claim for disability under her policy with the Lincoln defendants. (*Id.,* at ¶ 6.) On or about December 21, 2009, she alleges that she made a claim under her policy with the Lincoln defendants after receiving a medical determination that she was and remains permanently disabled. (*Id.,* at ¶ 7.) Over three months later, she alleges that the Lincoln defendants denied her claim after determining she was still able to perform the main duties of her occupation. She alleges that, among other deficiencies, Lincoln did not conduct an independent medical examination of the plaintiff, nor did it contact her employer or make any reasonable investigation of the claim. (*Id.,* at ¶ 8.)

The plaintiff states that she next filed a Complaint with the West Virginia Offices of the Insurance Commissioner on April 24, 2010, alleging that Lincoln's investigation was inadequate and untimely. (*Id.,* at ¶ 9.) On or about August 18, 2010, she states that the West Virginia Consumer Advocate's Office requested, on her behalf, a second level of appeal of the Lincoln defendants' decision to deny benefits. Her claim was denied for a second time on October 11, 2010. (*Id.,* at ¶¶ 9-11.)

On November 24, 2010, the plaintiff filed the instant lawsuit in the Circuit Court of Kanawha County, West Virginia, alleging that the Lincoln defendants' "pattern of conduct throughout the handling of this claim, including, but not limited to, denying Plaintiff's claim on two occasions despite the overwhelming factual and medical evidence supporting the Plaintiff's disability claim, rises to the level of bad faith conduct [. . . and] has occurred continuously and repeatedly since the date of Plaintiff's initial claim [. . .] to the present." (*Id.*, at ¶¶ 19-20.) The plaintiff alleges

---

[1](...continued)
the subsequent actions alleged in the Complaint appear to indicate that she intends to allege that her employment ended on November 25, *2009*.

violations of the Unfair Trade Practices Act (Count I), Breach of Contract (Count II), Breach of Implied Covenant of Good Faith and Fair Dealing by Lincoln (Count III), Intentional Infliction of Emotional Distress/Outrageous Conduct (Count IV), Negligent Infliction of Emotional Distress (Count V), Punitive Damages (Count VI), and demands a trial by jury.

On December 13, 2010, the defendants removed the case to this court, alleging as the basis for jurisdiction, that the state law claims alleged in the plaintiff's Complaint were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). On December 16, 2010, defendant Lincoln National filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), requesting (1) the dismissal of Lincoln Financial as a party defendant, (2) the dismissal of plaintiff's request for a jury trial, and (3) that the court find that the plaintiff's state law claims are preempted by ERISA § 514(a), and find that those claims state a single claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover denied ERISA benefits. (Def.'s Mot. Dismiss, at 1.)

On January 18, 2010, the plaintiff filed an untimely response to this motion. The court will nonetheless consider the response, which states as follows:

> Upon a thorough review of the Defendants' [sic] motion as well as the relevant case law and applicable United States Code, *the Plaintiff concedes the Defendants' Motion to Dismiss Lincoln Financial Group as a party is meritorious*. Furthermore, the *Defendants' request to hold the Plaintiff's state law claims preempted and converted to a single claim under 29 U.S.C. § 1132(a)(1)(B) and motion to strike Plaintiff's request for a jury trial are likewise conceded* by the Plaintiff.

(Plf.'s Response Def.'s Mot. Dismiss, [Docket 6] at 1 (emphasis added).) The plaintiff requests that

> this Court will enter an appropriate Order in which the Plaintiff's claims to recover any and all benefits due to her under her disability insurance plan [. . .] proceed accordingly, including claims to enforce her rights under the term of the plan and clarification of rights to future benefits under the plan proceed, as well as her prayer

> for reasonable costs and fees including attorney's fees and costs, as well as pre and post judgment interest upon any proceeds awarded to the Plaintiff, any for any other further relief this court deems necessary and proper under the circumstances.

(*Id.*, at 2.)

## II.   Analysis

   a.   ERISA Preemption of State Law Claims

Lincoln National asserts that the plaintiff's Complaint is premised entirely on state law theories of recovery, each of which is preempted by ERISA, and should be deemed a single claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B). (Mem. Supp. Mot. Dismiss, at 3-4.) The plaintiff concedes "the Defendants' request to hold the Plaintiff's state law claims preempted and converted into a single claim under 29 U.S.C. § 1132(a)(1)(B)."

Federal preemption arises in two forms: complete preemption and conflict preemption. Under the doctrine of conflict preemption, "state laws that conflict with federal laws are preempted, and preemption is asserted as 'a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.'" *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186-87 (4th Cir. 2002) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Complete preemption is an entirely different creature:

> In the case of complete preemption, however, Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. That is to say, the doctrine of complete preemption "converts an ordinary state common law complaint into one stating a federal claim." *Id.* at 65. Thus, the doctrine of complete preemption serves as a corollary to the well-pleaded complaint rule: because the state claims in the complaint are converted into federal claims, the federal claims appear on the face of the complaint. *Id.* at 63-65. The Supreme Court has determined that ERISA's civil enforcement provision, [29 U.S.C. § 1132(a)], completely preempts state law claims that come within its scope and converts these state claims into

-4-

>federal claims under [29 U.S.C. § 1132(a)]. *Id*. at 65-66. Thus, when a complaint contains state law claims that fit within the scope of ERISA's [29 U.S.C. § 1132(a)] civil enforcement provision, those claims are converted into federal claims, and the action can be removed to federal court.

*Darcangelo*, 292 F.3d at 187.

"Underlying the complete preemption doctrine is the notion that the federal policies implicated by a federal statute are sufficiently important to override the plaintiff's effort to rely on state law." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). Complete preemption exists where "Congress 'so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Darcangelo*, 292 F.3d at 187 (quoting *Taylor*, 481 U.S. at 63-64). Accordingly, this doctrine "trumps the plaintiff's characterization of his claim" *for purposes of the well-pleaded complaint rule* "by 'converting an ordinary state common law complaint into one stating a federal claim.'" *Custer*, 89 F.3d at 1165 (quoting *Taylor*, 481 U.S. at 65). The plaintiff concedes that all of the state law claims asserted in the Complaint are preempted by ERISA, and thus, that this case was removable to this court. *See Taylor*, 481 U.S. at 63-65; *Darcangelo*, 292 F.3d at 186-87 (4th Cir. 2002).

    b.    The Complaint

Having determined that this court possesses jurisdiction over this case, I will now turn to the Complaint. Lincoln National does not move for dismissal of the plaintiff's Complaint on the basis of preemption, but rather requests that the plaintiff's state law claims be "deemed as a single claim arising under 29 U.S.C. § 1132(a)(1)(B)." (Mem. Supp. Mot. Dismiss, at 4.) The plaintiff, in response, concedes that her claims should be converted into a single claim under 29 U.S.C. § 1132(a)(1)(B). Accordingly, although the plaintiff's state law claims are preempted by ERISA, the

court **ORDERS** that the plaintiff may file an amended complaint within ten days of entry of this Order.

  c.  Defendant Lincoln Financial

The defendant Lincoln National asserts that defendant Lincoln Financial Group is not a proper party to this action, but rather is a registered service mark held by Lincoln National Corporation, and is not capable of suing or of being sued. (Mem. Supp. Mot. Dismiss, at 2.) The plaintiff "concedes the Defendants' [sic] Motion to Dismiss Lincoln Financial Group as a party is meritorious." (Plf.'s Response Def.'s Mot. Dismiss, at 1.) Because it is undisputed by the parties that Lincoln Financial is a registered service mark (and thus not capable of being sued), insofar as the Complaint purports to assert any claim against Lincoln Financial, the motion to dismiss is hereby **GRANTED in part**. Accordingly, Lincoln Financial is hereby **DISMISSED with prejudice** from this case. Remaining in this case as the sole defendant is Lincoln National Life Insurance Company.

### III. Conclusion

For the reasons outlined above, defendant Lincoln National Life Insurance Company's Motion to Dismiss [Docket 3] is hereby **GRANTED in part**, insofar as defendant Lincoln Financial Group is hereby **DISMISSED with prejudice**. The court further **ORDERS** that the plaintiff shall have ten days to file an amended complaint.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:  January 28, 2010

       Joseph R. Goodwin, Chief Judge